## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

VIVIAN HOUSTON, et al.,                    )
                                           )
              Plaintiffs,                  )
                                           )
       v.                                  )          No. 4:22-CV-371 RLW
                                           )
CHRISTOPHER KLAVERKAMP, et al.,            )
                                           )
              Defendants.                  )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant Scott Amos's Motion for More Definite Statement. (ECF No. 29). Plaintiffs Vivian Houston and Johnnie L. Ball, who are proceeding in this matter <u>pro se</u>, did not file a response to Defendant Amos's Motion. Plaintiffs did, however, file within the response time a six-page document entitled "Plaintiffs [sic] Motion Memorandum to Leave to File Surreply to Defendant Capt. Scott Amos, [sic] Motion for More Definite Statement." (ECF No. 31). The Court will deny Plaintiffs' Motion for Leave to File a Surreply, but the Court construes the filing as a response in opposition to Defendant Amos's Motion for More Definite Statement. Also before the Court is Defendant Christopher Klaverkamp's Motion to Dismiss, which Plaintiffs oppose. (ECF No. 15). For the reasons that follow, the Court grants Defendant Amos's Motion for More Definite Statement and holds in abeyance Defendant Klaverkamp's Motion to Dismiss.

### *Background*

On March 31, 2022, Plaintiffs Vivian Houston and Johnnie L. Ball filed, without the assistance of counsel, a "Complaint for Violations of Civil Rights" against Defendants Christopher Klaverkamp and Scott Amos. The Complaint, which was filed on a form complaint, purports to

bring claims against the two defendants pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown</u> <u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]

For factual allegations, Plaintiffs allege that on December 6, 2021, Defendants Klaverkamp and Amos "coerced together and fabricated seize [sic] evidence and filed a false police report on plaintiff Vivian Houston['s] son Isaiah Houston by obtaining a search warrant after reporting to the news media that they was [sic] possession of a weapon, having a search warrant issue later the same night seeking for the same firearm that they reported to the media that was used in the Metro bus driver shooting on December 3, 2021." (ECF No. 1 at 4). Plaintiffs allege someone went into a residence on Harney Avenue and "got a blue tarp[,] entering my home with my son['s] house keys[.] [T]he tarp was in the basement[.] [W]hen question Captain Scott Amos Thomas[,] he told me they got the tarp because the prosecutor Christopher Klaverkamp told them to." (<u>Id.</u> at 4). Plaintiffs also allege someone damaged a PT cruiser and caused damage inside and out, and the vehicle was towed twice before being released. (<u>Id.</u>). Plaintiffs also allege the residence was damaged. Plaintiffs further allege that someone continues to slander and mislead the public through the newspapers and social media. (<u>Id.</u> at 6). And that the "prosecutor exploit [sic] with a search warrant told me his plans to put my son in jail for a long time on Jan. 14, 2022 in the courtroom has limit his calls putting in a hole December after his arrest for three weeks violated his Sixth Amend." (<u>Id.</u> at 4). Plaintiffs further allege that Defendant Klaverkamp changed Isaiah Houston's case number, combined it with another case number, and "placed it in confidential." (<u>Id.</u>).

As for claims, Plaintiffs allege, "My 4th amendment was violated[.] [I]t was invasion of my privacy and unlawfully intrudes into my private affairs and publicize [my] address." (<u>Id.</u> at

---

[1]From the record, it does not appear that either of the defendants are federal officers.

4).  Plaintiffs also claim that Defendant Klaverkamp "interfered in a three-party contract" between Plaintiffs and a defense attorney.  (Id.).  Plaintiffs allege their rights under the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution have been violated.   Plaintiffs also reference the Sixth Amendment.   (Id.).   For relief, Plaintiffs request over $10 million in compensatory and punitive damages.

### Discussion

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a).   It is a plaintiff's "burden under both Rule 8 and Rule 11, to reasonably investigate [his or her] claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Harper v. Ascension Health All., No. 4:17-CV-2495 ERW, 2017 WL 6407776, at *2 (E.D. Mo. Dec. 15, 2017) (quoted case omitted).   Rule 12(e) allows for a defendant to move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).   "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." Tinder v. Lewis Cnty. Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001).   Here, Plaintiffs are proceeding without the assistance of counsel, and while a pro se complaint should be liberally construed and held to less stringent standards than those drafted by an attorney, Johnson v. Arden, 614 F.3d 785, 798 (8th Cir. 2010), it must "specify the allegations in a manner that provides sufficient notice" to the defendant.   Whitehead v. City of St. Louis, No. 4:09-CV-483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009).

The Court has reviewed Plaintiffs' Complaint finds that it does not meet the basic requirements of Rule 8(a) of the Federal Rules of Civil Procedure.   Plaintiffs' Complaint is a

jumbled and confusing.   It contains lengthy narratives with run-on sentences, some of which are not punctuated.   Plaintiffs appear to assert numerous potential causes of action against the two defendants, but it is unclear which conduct is attributable to which defendant, as many of the sentences either lack a subject or are written in the passive voice.   Furthermore, it is unclear what claims Plaintiffs are trying to pursue and against whom they are pursuing them.   It is also unclear whether Plaintiffs are bringing claims against the defendants in their individual capacities and/or official capacities.   In sum, the manner in which Plaintiffs have pleaded their Complaint is such that a defendant could not be expected to respond to it.

Therefore, the Court grants Defendant Amos's Motion for More Definite Statement, and Plaintiffs will be allowed to amend their complaint.   Furthermore, the Court will hold in abeyance Defendant Klaverkamp's motion to dismiss.   As stated above, Plaintiff's Complaint does not allege which conduct is attributable to which defendant.   The Court finds that Plaintiffs' ambiguous and inartful pleading hampers meaningful review of Defendant Klaverkamp's motion to dismiss.

In order to proceed in this matter, Plaintiffs must submit an amended complaint on the court-provided form.   The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.   Plaintiffs should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.   See Fed. R. Civ. P. 20(a)(2).   Plaintiffs should allege claims that are personal to themselves.   They should not allege claims on behalf of another person, for example, their son.   Plaintiffs are required to set out each of their alleged claims in a simple, concise, and direct manner, and also the facts supporting their claims as to each of the named defendant.   See Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited

4

as far as practicable to a single set of circumstances).   Plaintiffs must explain the role of each defendant so that each defendant will have notice of what he is accused of doing or failing to do. See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

In the "Statement of Claim" section of the amended complaint, Plaintiffs should begin by writing an individual defendant's name.   In separate, numbered paragraphs under that name, Plaintiffs should: (1) set forth the factual allegations supporting their claim against that defendant, in other words, what that defendant did, and (2) state what constitutional or federal statutory right(s) that defendant violated.[2]   Plaintiffs shall proceed in this manner with each of the named defendants, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.   Plaintiffs must also indicate whether they intend to sue each defendant in his individual capacity, official capacity, or both.   If Plaintiffs are suing a defendant in an individual capacity, they are required to allege facts demonstrating the personal responsibility of the defendant for harming them.   Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

Plaintiffs are also advised that the filing of the amended complaint completely replaces the original complaint, so it must include all claims Plaintiffs wish to bring.   See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an

---

[2]Plaintiffs may also include state law claims, if applicable.

amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Finally, if Plaintiffs fail to file an amended complaint on the Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christopher Klaverkamp's Motion to Dismiss is **HELD IN ABEYANACE.**   [ECF No. 15].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Surreply is **DENIED.**  [ECF No. 31].  The Court construes this document as Plaintiffs' Memorandum in Opposition to Defendant Scott Amos's Motion for More Definite Statement.

**IT IS FURTHER ORDERED** that Defendant Scott Amos's Motion for More Definite Statement is **GRANTED.**   [ECF No. 29].

**IT IS FURTHER ORDERED** on or before **November 7, 2022**, Plaintiffs shall file an amended complaint in accordance with the instructions set forth herein.   The Clerk of Court shall mail to Plaintiffs at their address of record a copy of the Court's Civil Complaint form.

Plaintiffs' failure to file an amended complaint on the Court-provided form within the time allowed and in accordance with the instructions set forth herein shall result in dismissal of this action without prejudice and without further notice.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   6th   day of October, 2022.

6