UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VIVIAN HOUSTON, et al., | ) |
| Plaintiffs, | ) ) ) ) ) No. 4:22-CV-371 RLW |
| v. | ) ) |
| CHRISTOPHER KLAVERKAMP, et al., | ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Vivian Houston and Johnnie L. Ball's pro se "Motion for Relief from a Judgement Order, Under Rule 60(a)(b)(l) and Rule 59(e) and Too (sic) Amend the Judgment" and Motion for a Hearing. (ECF Nos. 77 and 80). Defendants did not respond to the motions, and the time to do so has expired. The Court finds a hearing is not necessary, and for the reasons that follow, Plaintiffs' motions are denied.

### *Discussion*

In an Order of Dismissal dated April 27, 2023, the Court dismissed the above-captioned cause of action with prejudice for Plaintiffs' failure to comply with the Court's orders. (ECF No. 76). In its Order of Dismissal, the Court detailed the procedural background of this case, which it will not repeat here. The Court found Plaintiffs had deliberately disobeyed at least two of the Court's Orders.

> Plaintiffs failed to abide by a Court order when they refused to sign a Joint Proposed Scheduling Plan, even when defense counsel amended the document at least twice on Plaintiffs' request. But most notably, Plaintiffs refuse to participate in the ADR process as ordered by the Court, despite agreeing to do so. In both of the Court's Orders, Plaintiffs were explicitly warned that their failure to follow the Court's instructions would subject them to sanctions by the Court. The warnings had no apparent effect.

(ECF No. 76 at 9). The Court considered less drastic alternative sanctions but concluded there was no reason to believe that Plaintiffs would ever comply with applicable rules and the Court's orders, and that Plaintiffs were determined litigate this case "their own way." (Id.). After careful consideration, the Court concluded dismissal with prejudice was warranted in this case. In the motions before the Court, Plaintiffs move that the Court reconsider the dismissal of their case pursuant to Fed. R. Civ. P. 59(e), or in the alternative, pursuant to Fed. R. Civ. P. 60(b).

When a motion to reconsider is made in response to a final order, it should be construed as a motion under Rule 59(e). Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). "Federal Rule of Civil Procedure 59(e) allows any party aggrieved by a judgment to file a motion to alter or amend the judgment 'no later than 28 days after' the judgment has been entered." Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1111 (8th Cir. 2017) (quoting Fed. R. Civ. P. 59(e)). Motions pursuant to Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (quotation omitted).

Rule 60(b) motions may be filed after the 28-day time period, and this rule "authorizes relief in only the most exceptional of cases." Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). The motion must satisfy one of the following six grounds for relief: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion, Fed. R. Civ. P. 60(b)(2);

fraud, misrepresentation or misconduct by an opposing party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, Fed. R. Civ. P. 60(b)(5); and any other reason that justifies relief, Fed. R. Civ. P. 60(b)(6).  Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion.  Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984).

Here, it is not entirely clear the basis upon which Plaintiffs rely in support of their motion for the Court to reconsider the dismissal.  Plaintiffs appear to assert that both defendants are in default for their failure to answer Plaintiffs' Amended Complaint.  Plaintiffs also appear to be stating that they were treated with bias and prejudice, and that they are entitled to a trial.  Plaintiffs state the following in a long, rambling paragraph:

> ". . . the defendants (sic) default by the failure to answer plaintiffs (sic) complaint, and both defendants (sic) Counsels (sic) received letter of default by certified mail, 4/7/2023 . . ., pursuant to Fed. R. Civ. Procedure 55(a) for default judgment in the jurisdiction of the Federal Court, the decision of the Court is still pending in it decision filed "Answer to Show Cause" on April 13th 2023, plaintiffs were [ECF No. 73], surprised on 4/29/2023 the order receipt time 7:56:08 CDT, before business hours § 490.680 [ECF No. 76], and plaintiffs' (sic) motion the court for relief in the mistakes' (sic) the court said the pending moots (sics) were Moot of the plaintiffs, finding the defendants (sic) motion attached is an oversight, plaintiffs (sic) exhibits and answers for the reason for their filing will support plaintiffs from being impartiality and have fairness (A) and (B) to facilitate the litigant Rule 2-2.2 and 2-2.3, being not bias or prejudice to amend the order of dismissal within its discretion . . . motion for the Court to amend, because of the prima facie of the evidence entered in by the plaintiffs and business records of the Court §490.680 that the plaintiff has asked the Court to preserve of the relevant evidence Rule 401(a)(b), which has determine a set day for a trial . . . .

(ECF No. 77 at 3).

The Court finds Plaintiffs' motion fails to meet the requirements for relief from dismissal under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  Plaintiffs neither seek to introduce newly discovered evidence nor demonstrate there was a manifest error of law or

3

fact. There is simply no legal basis for finding that the defendants were in default, and Plaintiffs have not shown bias or unfair prejudice in this case. Finding no basis for reconsideration under either Rule 59(e) or Rule 60(b), Plaintiffs' motions are denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Vivian Houston and Johnnie L. Ball's pro se "Motion for Relief from a Judgement Order, Under Rule 60(a)(b)(l) and Rule 59(e) and Too (sic) Amend the Judgment," and Motion for a Hearing are **DENIED.** (ECF Nos. 77 and 80).

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of July, 2023.

4